# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-973V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SAMANTHA BRADY, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| | \* |
| | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Chief Special Master Corcoran

Dated: February 15, 2022

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Kimberly Davey*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On July 5, 2019, Janeen and Michael Brady filed a petition on behalf of Samantha Brady seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] and alleging that the human papillomavirus vaccine ("HPV") administered on July 13, 2016, and October 9, 2017, caused her to suffer from Postural Orthostatic Tachycardia syndrome ("POTS"), autonomic dysfunction, transaminitis, inflammatory autoimmune disorder,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

along with a list of other symptoms. Petition, dated July 5, 2019, at 1–2 (ECF No. 1) ("Pet."). The caption was later amended to make Ms. Brady the Petitioner.

The matter was transferred to me in January 2021, and not long after Petitioner filed an expert report in support of the claim. But Respondent's Rule 4(c) Report was accompanied by a Motion to Dismiss. (ECF No. 67). That motion was fully briefed—but then not long after Petitioner file a Status Report stating that she intended to seek the claim's dismissal (ECF No. 73). Petitioner has now filed an Unopposed Motion to Dismiss. Motion, dated Feb. 14, 2022 (ECF No. 74). Petitioner states that she acknowledges that she is unable to prove her claim under the Vaccine Program. *Id.* at 1. Along with this, she conveys her understanding that a judgment will be entered against her, and that she will protect her right to file a civil action in the future under 42 U.S.C. § 300aa-21(a)(2). *Id.* at 2. Respondent via informal statement has indicated no objection to the Motion.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because they have determined that the claim cannot succeed, or simply because they choose not to continue with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2). Petitioner has now advanced such a motion.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, as Petitioner acknowledges. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.