# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-973V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| SAMANTHA BRADY, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: October 17, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Robert J. Krakow,* Law Office of Robert J. Krakow, P.C., New York, NY, Petitioner.

*Kimberly S. Davey,* U.S. Dep't of Justice, Washington, DC, Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On July 5, 2019, Janeen and Michael Brady filed a petition on behalf of their daughter, Samantha, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] The petition alleged that the HPV vaccinations she had received on July 13, 2016, and October 9, 2017, caused her to develop Postural Orthostatic Tachycardia Syndrome ("POTS"), autonomic dysfunction, transaminitis, inflammatory autoimmune disorder, and other symptoms and injuries. Petition (ECF No. 1) at 1–2. The caption was later amended to make Ms. Samantha Brady the Petitioner after she reached the age of 18.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

This matter was originally assigned to a different special master, but reassigned to me on January 29, 2021. Shortly after its reassignment, Petitioner filed an expert report in support of her claim. (ECF No. 65). Respondent thereafter filed a Rule 4(c) Report, a Motion to Dismiss, and two expert reports. (ECF Nos. 67–69). The Motion was fully briefed, but before it could be decided Petitioner filed an Unopposed Motion to Dismiss in February 2022. (ECF No. 74). A Decision dismissing the Petition was issued on February 15, 2022, and a Judgment dismissing the Petition was issued on March 18, 2022. (ECF Nos. 75, 77).

Petitioner has now filed a Motion for a Final Award of Attorney's Fees and Costs. Motion, dated Aug. 28, 2022 (ECF No. 79) ("Motion"). This is Petitioner's sole request for fees and costs in this case. Petitioner requests a total of $92,859.22 ($81,224.00 in fees, plus $11,635.22 in costs) for the work of two attorneys, Robert Krakow and Elan Gerstrmann, from March 2019 to the present date. Ex. 53 Tabs 2–7. Respondent reacted to the fees request on September 12, 2022. Response, Dated Sept. 12, 2022 (ECF No. 80). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id*. at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's Motion, awarding fees and costs in the total amount of **$92,859.22**.

## ANALYSIS

I. **Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner was ultimately unsuccessful, I find there was sufficient objective basis for the claim to justify a fees and costs award. Petitioner offered objective support of her claim from the medical records, which reveal that she experienced injuries akin to what is alleged in the post-vaccination timeframe. And despite the fact that I have increasingly taken a dim view of claims alleging that the HPV vaccine can cause autonomic-oriented injuries like POTS, this case was filed before my determination about the strength of such a claim generally was as firm. Although I would look far more skeptically at such a claim *if filed hereafter,* it is not reasonable for me to apply my current view about the general merits of such claims to earlier-filed matters. Accordingly (and because I have identified no other grounds for denying fees), a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| Attorney | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|
| **Robert Krakow (Attorney)** | $464.00 | $484.00 | $509.00 | $525.00 |
| **Paralegal** | $156.00 | $163.00 | $172.00 | $177.00 |
| **Elan Gerstmann (Associate Attorney)** | - | - | $475.00 | - |

Ex. 53 Tab 1 at 3.

Mr. Krakow and his associate practice in New York City—a jurisdiction that has been deemed "in forum," and entitling them to commensurate rates established in *McCulloch*. *See Kong v. Sec'y of Health & Hum. Servs.*, No. 14-145V, 2017 WL 2927307, at *1 (Fed. Cl. Spec. Mstr. June 6, 2017) (finding New York New York to be an "in forum" jurisdiction). The requested rates are in general accordance with the Office of Special Masters' fee schedule, and as here, in instances where counsel performed the work of his paralegal, the rates billed reflect what OSM deems

appropriate for paralegals.[5] I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable and will therefore award it without adjustment.[6]

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $11,635.22 in outstanding costs, including the filing fee, postage, shipping, photocopying, medical record retrieval costs, and costs associated with the work of a single expert, Jesper Mehlsen, M.D. Dr. Mehlsen reviewed Petitioner's medical records and relevant medical literature, and authored one expert report supporting the claim that the HPV vaccine caused Petitioner's injuries. He submitted an invoice for a total of $10,500.00 (at an hourly rate of $500.00 for 21 hours of work). The total amount for his services was reasonable for the work performed, and I do not find any reason to make any reductions. ECF No. 79 at 35. In addition, Medical record retrieval costs are typical in the Vaccine Program and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Mailing and Distribution costs are also typical, and I do not find any of these costs unreasonable. Thus, they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$92,859.22,** reflecting $81,224.00 in attorney's fees and $11,635.22 in costs, in the form of a check made jointly payable to Petitioner and her attorneys, Mr. Robert Krakow and Mr. Elan Gerstmann.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 17, 2022).

[6] I have also reviewed the invoices for both Mr. Krakow and Petitioner's expert, and find that the time billed is in accordance with my Order issued on April 9, 2021 (which indicated that no time incurred between April 9th and April 16th would be reimbursed), and thus find no reason to make any reductions. *See* Docket Entry Order, dated April 9, 2021.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.